FILED by **R B** D.C.
ELECTRONIC

**Nov. 17, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

## 08-81367-Civ-RYSKAMP/VITUNAC

JERILYN G. AMAYA, on behalf of herself
and all others similarly situated,

CASE NO.: _____

        Plaintiff,

**CLASS ACTION COMPLAINT**

v.

**JURY TRIAL DEMANDED**

VICTORIA'S SECRET STORES, LLC.,
VICTORIA'S SECRET DIRECT BRAND
MANAGEMENT, LLC., VICTORIA'S
SECRET STORES BRAND MANAGEMENT,
INC., and LIMITED BRANDS, INC.

        Defendants.

_____/

Plaintiff, JERILYN G. AMAYA, brings this action on her own behalf and on behalf of a Class and Subclass of persons defined below against Defendants, VICTORIA'S SECRET STORES, LLC., VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, LLC., VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, INC., and LIMITED BRANDS, INC. (collectively "Defendants"), and for her complaint alleges, upon information and belief and based on the investigation to date of her counsel, as follows:

### PARTIES

1.     Plaintiff, JERILYN G. AMAYA, is a resident of the United States of America, State of Florida, County of Palm Beach.

2.     Plaintiff, JERILYN G. AMAYA, purchased, used, and suffered adverse effects from undergarments/intimate apparel designed, manufactured, marketed, assembled, inspected, sold and/or distributed by Victoria's Secret Stores, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, Inc. and Limited

Dockets.Justia.com

Brands, Inc. and, as such, Plaintiff, JERILYN G. AMAYA, is a member of the proposed Class and Subclass herein.

3. On information and belief, Defendant, Victoria's Secret Stores, is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Ohio.

4. On information and belief, Defendant, Victoria's Secret Direct Brand Management, LLC is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Ohio.

5. On information and belief, Defendant, Victoria's Secret Stores Brand Management, Inc. is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Ohio.

6. On information and belief, Defendant, Limited Brands, Inc., is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Ohio.

## NATURE OF THE CASE AND OVERVIEW

7. Plaintiff brings this action on behalf of all persons residing in the United States and the State of Florida who purchased defective undergarments/intimate apparel designed, manufactured, marketed, assembled, inspected, sold and/or distributed by Victoria's Secret Stores, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, Inc. and Limited Brands, Inc. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "F.R.C.P.") to recover compensatory, equitable, and actual and punitive damages, injunctive relief, and attorneys' fees.

8.      Plaintiff seeks to represent the following Class and Subclass:

**Victoria's Secret Class: All citizens, residents, or domiciliaries of the United States who have purchased undergarments/intimate apparel designed, manufactured, marketed, assembled, inspected, sold and/or distributed by Victoria's Secret Stores, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, Inc. and Limited Brands, Inc. and who suffered adverse physical effects from such undergarments/intimate apparel including but not necessarily limited to allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health concerns.**

**Victoria's Secret Subclass: All citizens, residents, or domiciliaries of the State of Florida who have purchased undergarments/intimate apparel designed, manufactured, marketed, assembled, inspected, sold and/or distributed by Victoria's Secret Stores, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, Inc. and Limited Brands, Inc. and who suffered adverse physical effects from such undergarments/intimate apparel including but not necessarily limited to allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health concerns.**

9.      Defendants are now, and at all times relevant hereto, in the business of designing, manufacturing, assembling, inspecting, marketing, selling or distributing undergarments/intimate apparel.

10.     As a result of the negligence of Defendants and the defective nature of their undergarments/intimate apparel, the garments caused injuries including allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health concerns.

11.     At all times relevant hereto, Defendants misrepresented the safety of their undergarments/intimate apparel and negligently designed, manufactured, assembled, inspected, marketed, advertised, promoted, sold, and/or distributed their undergarments/intimate apparel as safe.

12.     At all times relevant hereto, Defendants failed to warn of the dangers of their undergarments/intimate apparel, including, but not limited to, the fact that their undergarment/intimate apparel cause serious skin and systemic injuries.

13.     At all times relevant hereto, Defendants knew, and had reason to know, or should have known, that their undergarments/intimate apparel were defective thereby defrauding Plaintiff, members of the Plaintiff Class and Subclass, and the population-at-large.

14.     At all times relevant hereto, Defendants knew, and had reason to know, or should have known, that its representations that their undergarments/intimate apparel were safe and effective were materially false and misleading.

15.     As a result of the defective nature of Defendants' product, Plaintiff and others were injured. Defendants knew, had reason to know, or should have known of the defective nature of their product and the resulting risk of injuries, but failed to warn Plaintiff and all other Plaintiff Class and Subclass members, preventing Plaintiff and Plaintiff Class and Subclass members from making informed choices about the selection of undergarments/intimate apparel.

16.     Upon information and belief, Defendants concealed their knowledge of the defects in their products from the Plaintiff, Plaintiff Class and Subclass members, and the population at large.

17.     Consequently, Plaintiffs and all Plaintiff Class and Subclass members seek compensatory damages as a result of their use of Defendants' undergarments/intimate apparel, including physical injury and pain, economic loss, mental anguish, medical and other expenses.

18. Further, Plaintiff and all Plaintiff Class and Subclass members seek equitable and other relief for themselves, and all others similarly situated, to compensate them, in whole or in part, for the following economic losses which confront them as a result of their reliance upon the safety of Defendants' undergarments/intimate apparel:

a.   the cost of medical expenses including, but not limited to, those un-reimbursed by insurance policies, those uninsured, and/or the payment of higher insurance rates due to their use of Defendants' products;

b.   return of any purchase price paid, including, but not limited to, interest on these amounts from the date of purchase, attorney's fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiffs may be entitled;

c.   whatever further relief the Court deems just and proper under the circumstances.

## JURISDICTION AND VENUE

19. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 and the Class Action Fairness Act.

20. At all times relevant hereto, Defendants were engaged in the business of designing, manufacturing, assembling, inspecting, marketing, selling and/or distributing undergarments/intimate apparel.

21. At all times relevant hereto, Defendants placed defective undergarments/intimate apparel into the stream of interstate commerce.

22. As a direct and proximate result of Defendants placing defective undergarments/intimate apparel into the stream of interstate commerce, Plaintiff and the Class and Subclass Members have suffered and continue to suffer physical and monetary damages, and will continue to suffer such damages indefinitely.

23. Upon information and belief, at all times relevant hereto, Defendants were present and doing business in the State of Florida and throughout the United States. At all times relevant, Defendants transacted, solicited, and conducted business in the State of Florida and throughout the United States and derived substantial revenue from such business.

24. At all relevant times, Defendants expected or should have expected that its acts would have consequences within the State of Florida, and this Court in particular.

## GENERAL ALLEGATIONS

25. Upon information and belief, Victoria's Secret is the leading specialty retailer of undergarments/intimate apparel, operating over 1,000 stores across the United States. Victoria's Secret also operates a mail order catalogue and an internet website for sales.

26. Upon information and belief, Victoria's Secret Stores, LLC, Victoria's Secret Direct Brand Management, LLC, and Victoria's Secret Stores Brand Management, Inc. are wholly owned subsidiaries of Limited Brands, Inc.

27. Upon information and belief, Defendants have received numerous complaints about the side effects that consumers were suffering as the result of wearing Defendants' undergarments/intimate apparel, including but not limited to, allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health concerns. At this time, it is not known how long the defective products have been sold.

28. Defendants negligently designed, manufactured, assembled, inspected, marketed, advertised, promoted, sold and/or distributed their undergarments/intimate apparel, which were unreasonably dangerous in normal use in that the

undergarments/intimate apparel caused allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health concerns.

29.    Defendants failed to adequately warn users of the undergarments/intimate apparel's unreasonably dangerous characteristics.

30.    Defendants owed a legal duty to Plaintiff and Plaintiff Class and Subclass Members to manufacture and sell undergarments/intimate apparel without hidden and concealed defects.

31.    Defendants breached such duty which proximately caused Plaintiff's and Plaintiff Class and Subclass Members' damages.

32.    Defendants knew or, in the exercise of reasonable care, should have known that its products were defective and that Plaintiff and Plaintiff Class and Subclass Members might have reasonably been expected to use the products and be affected by its defective condition

33.    This defective condition is a direct and proximate cause of Plaintiff's and Plaintiff Class and Subclass Members' injuries.


## CLASS DEFINITION

34.    Plaintiff brings this action pursuant to F.R.C.P. 23 on behalf of herself and all others similarly situated including the Class and Subclass as follows:

**Victoria's Secret Class: All citizens, residents, or domiciliaries of the United States who have purchased undergarments/intimate apparel designed, manufactured, marketed, assembled, inspected, sold and/or distributed by Victoria's Secret Stores, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, Inc. and Limited Brands, Inc. and who suffered adverse physical effects from such undergarments/intimate apparel including but not necessarily limited to allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health concerns.**

**Victoria's Secret Subclass:** All citizens, residents, or domiciliaries of the State of Florida who have purchased undergarments/intimate apparel designed, manufactured, marketed, assembled, inspected, sold and/or distributed by Victoria's Secret Stores, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, Inc. and Limited Brands, Inc. and who suffered adverse physical effects from such undergarments/intimate apparel including but not necessarily limited to allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health concerns.

35.     Excluded from the Class and Subclass are:

a.      Defendants' officers and directors;

b.      any judge or judicial officer assigned to this matter and his or her immediate family; and

c.      any legal representative, successor, or assign of any excluded person or entity.

## CLASS ACTION ALLEGATIONS

36.     <u>Numerosity of the Class and Subclass:</u> The proposed Class and Subclass is so numerous that joinder is impractical. The disposition of these claims through this Class Action will be more efficient and will benefit the parties and the Court. The identities of the individual members of the class are ascertainable through, *inter alia*, medical and pharmaceutical records and sales receipts. Further, Class and Subclass Members may be informed of the pendency of the class action by direct mail, internet, or other means.

37.     <u>Predominance of the Common Questions of Fact and Law:</u> A well-defined community of interest in the questions of law and fact common to the Victoria's Secret Class and Subclass predominate over questions affecting only individual Class and Subclass Members including, but not limited to:

a.      Whether Defendants manufactured and/or marketed and sold a defective product;

b.      Whether Defendants failed to give adequate and timely warning of the dangers of their undergarments/intimate apparel;

c.      Whether Defendants concealed adverse information from Plaintiff and the Plaintiff Class and Subclass regarding their undergarments/intimate apparel;

d.      Whether Defendants violated applicable state consumer protection laws;

e.      Whether Plaintiff and the Class and Subclass Members are entitled to recover compensatory, exemplary, punitive, and/or other damages as a result of Defendants' negligent and unlawful conduct;

f.      What is the proper mechanism for assessing and warding damages and administering relief to Class and Subclass Members, including the relief to reduce the threat of future harm to Class and Subclass Members;

g.      Whether Defendants' conduct in manufacturing, failing to warn, selling and/or promoting and/or marketing and/or distributing their undergarments/intimate apparel fell below the duty of care owed by Defendants to Plaintiff and members of the Plaintiff Class and Subclass;

h.      Whether Defendants negligently, recklessly, or intentionally concealed information about the safety of their undergarments/intimate apparel from the Plaintiff and Plaintiff Class and Subclass;

i.      Whether Defendants are strictly liable in tort for selling a defective product;

j.      Whether Defendants' conduct constitutes fraudulent concealment;

k.      Whether Defendants' conduct constitutes fraudulent misrepresentation;

l.      Whether Defendants' conduct constitutes negligent misrepresentation;

m.      Whether Defendants' conduct constitutes negligence;

n.      Whether Defendants are liable for intentional and/or negligent infliction of emotional distress;

o.      Whether Defendants breached express warranties;

p.      Whether Defendants breached implied warranties of merchantability;

q.      Whether Plaintiff Class and Subclass Members have sustained irreparable harm and whether they are entitled to equitable relief including restitution and/or refund and, if so, the nature and extent of such damages;

r. Whether the Plaintiff Class and Subclass is entitled to compensatory damages and, if so, the nature and extent of such damages;

s. Whether Defendants are liable for punitive damages and, if so, how much is necessary and appropriate to punish them for their conduct, deter others and fulfill the policies and purposes of punitive and/or exemplary damages;

t. How any and all punitive and/or exemplary damages awarded to Plaintiffs should be equitable allocated among the Plaintiff and the Plaintiff Class and Subclass;

u. Whether Defendants acted to defraud, misrepresent, and deceive the Plaintiff and/or the Plaintiff Class and Subclass;

v. Whether Defendants failed to adequately test their products.

w. Whether Defendants failed to adequately reveal the results, if any, that were yielded by the testing of their product to the Plaintiff, Plaintiff Class and Subclass, and regulatory bodies;

x. Whether Defendants failed to adequately warn of the adverse effects of their undergarments/intimate apparel; and

y. Whether the safety defects in the Defendants' undergarments/intimate apparel constitute a design defect for purposes of strict products liability.

38. Typicality: Having been a victim of Defendants' unlawful and negligent conduct, Plaintiff is a member of the Victoria's Secret Class and Subclass. Plaintiff purchased and wore Victoria's Secret undergarments/intimate apparel. All members of the Class and Subclass have purchased and wore Victoria's Secret undergarments/intimate apparel. Plaintiff and members of the Victoria's Secret Class and Subclass have similarly suffered harm arising from Defendants' violations of law and negligent conduct as alleged herein.

39. Adequacy of Representation: Plaintiff is an adequate representative of the Plaintiff Class and Subclass because she is a member of the Plaintiff Class and Subclass and her interests do not conflict with the interests of the members of the Plaintiff Class and Subclass she seeks to represent. Further, Plaintiff is represented by experienced and able counsel who have litigated numerous mass tort and products liability class actions, and they

intend to prosecute this action vigorously for the benefit of the entire Plaintiff Class and Subclass. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the Plaintiff Class and Subclass.

40.     Superiority: A class action is superior to other available methods for the efficient adjudication of this litigation since individual litigation of each Class Members' claim is impracticable. It would be unduly burdensome to the courts in which individual litigations would proceed. Further, individual litigations present a potential for inconsistent and/or contradictory judgments and further increases the delay and expense to all parties and the courts. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court. Additionally, notice of the pendency and/or resolution of this class action can be provided to Class Members and Subclass Members by direct mail, as upon information and belief, Defendants herein have kept detailed records as to their sale of their undergarments/intimate apparel.

41.     This action is also properly certified under the provisions of F.R.C.P. 23 because:

a.     the prosecution of separate actions by individual members of the Class would create a risk of inconsistency of varying adjudications with respect to individual Class and Subclass Members, thus establishing incompatible standards of conduct for Defendants; and

b.     due to the nature of the relief sought, the prosecution of separate actions by the individual members of the Class and Subclass would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Class and Subclass not parties to such adjudications or would substantially impair or impede the ability of such members of the Class and Subclass to protect their interests.

## EQUITABLE TOLLING OF THE APPLICABLE STATUTES OF LIMITATIONS

42.     The running of any statute of limitations has been tolled by reason of

Defendants' fraudulent concealment. Defendants, through failing to disclose a known defect to Plaintiff or Class and Subclass Members, and misrepresenting their product as safe for its intended use, actively concealed from Plaintiff and the Class and Subclass the true risks associated with their undergarments/intimate apparel.

43.     As a result of Defendants' actions, Plaintiff and the Class and Subclass could not reasonable know or have learned through reasonable diligence of the manufacturing defect and that Plaintiff and Class and Subclass Members had been exposed to the risks alleged herein and that those risks were a direct and proximate result of Defendants' acts and omissions.

44.     Furthermore, Defendants are estopped from relying on any statute of limitations because of their fraudulent concealment of the defective nature of their undergarments/intimate apparel. Defendants were under a duty to disclose the true character, quality, and nature of their products because this was non-public information over which the Defendants had, and continue to have, exclusive control, and because Defendants knew that this information was not available to the Plaintiff and Class and Subclass Members, medical providers and/or to their facilities. In addition, the Defendants are estopped from relying on any statute of limitations because of their concealment of these facts.

45.     Plaintiff and the Class and Subclass had no knowledge that Defendants were engaged in the wrongdoing alleged herein. Because of the fraudulent acts of concealment of wrongdoing by the Defendants, the Plaintiff and the Class and Subclass could not have reasonably discovered the wrongdoing at any time. Plaintiff, the Class and Subclass and medical professionals could not have possibly conducted studies to determine the nature, extent and identity of related health risks dealing with the manufacturing defect of

Defendants' drug and were forced to rely only on Defendants' representations.

## FIRST CAUSE OF ACTION AS AGAINST THE DEFENDANTS
## NEGLIGENCE AND NEGLIGENCE *PER SE*

46.    Plaintiff, JERILYN G. AMAYA, individually and on behalf of all others similarly situated, repeats, reiterates and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

47.    Defendants had a duty to exercise reasonable care in designing, manufacturing, assembling, marketing, selling and/or distributing undergarments/intimate apparel the Defendants placed into the stream of commerce, including a duty to assure that the product would perform as intended, marketed, promoted, and/or advertised and/or did not cause users to suffer unreasonable, dangerous side effects.

48.    Defendants failed to exercise ordinary care in the designing, manufacturing, assembling, inspecting, marketing, selling and/or distributing undergarments/intimate apparel into the stream of commerce in that Defendants knew or should have know that the product was defective, did not function as intended and/or created a high risk of unreasonable, dangerous side effects, including, but not limited to, allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health concerns.

49.    The negligence of the Defendants, their agents, servants, and/or employees, included, but was not limited to, the following acts and/or omissions:

a.    designing, manufacturing, assembling, formulating, creating, inspecting, marketing, selling and/or distributing undergarments/intimate apparel without thoroughly testing it;

b.    designing, manufacturing, assembling, formulating, creating,

inspecting, marketing, selling and/or distributing undergarments/intimate apparel without adequately testing it;

      c.    selling undergarments/intimate apparel without performing proper and sufficient tests to determine the dangers to its users;

      d.    negligently failing to adequately and correctly warn the Plaintiffs and Plaintiff Class and Subclass Members, the public, and the medical and healthcare profession, of the dangers of Defendants' undergarments/intimate apparel;

      e.    negligently failing to recall or otherwise notify users at the earliest date that it became known that said product was, in fact, dangerous and defective;

      f.    negligently advertising and recommending the use of the aforesaid without sufficient knowledge as to its manufacturing defect and dangerous propensities;

      g.    negligently representing that Defendants' undergarments/intimate apparel was safe for its intended purpose when, in fact, its safety is questionable;

      h.    negligently manufacturing undergarments/intimate apparel in a manner which was dangerous to its users;

      i.    negligently designing undergarments/intimate apparel in a manner which was dangerous to its users;

      j.    negligently producing undergarments/intimate apparel in a manner which was dangerous to its users;

      k.    negligently assembling undergarments/intimate apparel in a manner which was dangerous to its users;

      l.    concealing information concerning reports of adverse effects from the Plaintiff and Plaintiff Class and Subclass Members while knowing that Defendants undergarments/intimate apparel were unsafe, dangerous and non-conforming with accepted industry standards; and

      m.    improperly concealing and/or misrepresenting information from the Plaintiff and Plaintiff Class and Subclass Members, healthcare professionals and/or the public, concerning the severity of risks and dangers of Defendants' undergarments/intimate apparel and/or the manufacturing defect.

      50.    Defendants under-reported, underestimated, and/or downplayed the serious dangers and the defective nature of Defendants' undergarments/intimate apparel.

      51.    Defendants were negligent in the designing, researching, supplying, manufacturing, promoting, packaging, distributing, testing, advertising, warning, marketing,

and sale of Defendants' undergarments/intimate apparel in that they:

    a.    failed to use due care in designing and manufacturing their undergarments/intimate apparel so as to avoid the aforementioned risks when the undergarments/intimate apparel was used for its intended purpose;

    b.    failed to accompany their product with proper warnings regarding all possible adverse side effects concerning the failure and/or defective nature of their undergarments/intimate apparel;

    c.    failed to accompany their product with accurate warnings regarding all possible adverse side effects associated with the use of their undergarments/intimate apparel given its defective nature;

    d.    failed to warn Plaintiff and Plaintiff Class and Subclass Members of the severity and duration of such adverse side effects;

    e.    failing to conduct testing, including clinical testing and post-marketing surveillance to determine the safety of their undergarments/intimate apparel;

    f.    failing to warn Plaintiff and Plaintiff Class and Subclass Members, prior to actively encouraging the sale of their undergarments/intimate apparel either directly or indirectly, orally or in writing, about the defective nature of the product; and were otherwise negligent.

52.    Upon information and belief, despite the fact that Defendants knew or should have known that their undergarments/intimate apparel caused unreasonably dangerous side effects due to its manufacturing defect, Defendants continued to market, manufacture, distribute and/or sell undergarments/intimate apparel to consumers, including the Plaintiffs and Plaintiff Class and Subclass Members.

53.    Defendants knew or should have known that consumers such as Plaintiff and Plaintiff Class and Subclass Members would foreseeably suffer injury, both physical and economic, and/or be at an increased risk of suffering injury as a result of Defendants' failure to exercise ordinary care, as well as Defendants' negligent manufacturing process, as set forth above.

54.    Defendants' actions and/or inactions, as set forth herein, by virtue of violating statutes, ordinances and/or rules and/or regulations, constitutes negligence per se.

55.     Defendants knew or should have known that consumers such as the Plaintiffs would foreseeably suffer injury, and/or be at increased risk of suffering injury, including personal injuries and financial harm, as a result of Defendants' failure to exercise ordinary care, as well as Defendants' negligent manufacturing process, as set forth above.

56.     Defendants' negligence was the proximate cause of Plaintiff's and Plaintiff Class and Subclass Members' injuries, harm and economic loss which they suffered and will continue to suffer.

57.     By reason of the foregoing, Plaintiff and Plaintiff Class and Subclass Members experienced and/or are at risk of experiencing serious and dangerous side effects, as well as have incurred financial damage and injury.

58.     As a result of the foregoing acts and omissions, the Plaintiff and Plaintiff Class and Subclass Members require and/or will require more health care and services and did incur medical, health, incidental, and related expenses. Plaintiff and Plaintiff Class and Subclass are informed and believe and further allege that Plaintiffs will in the future be required to obtain further medical and/or hospital care, attention, and services.

## SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS
## STRICT LIABILITY

59.     Plaintiff, JERILYN G. AMAYA, individually, and on behalf of all others similarly situated, repeats, reiterates, and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

60.     At all times herein mentioned, Defendants designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed undergarments/intimate apparel used by Plaintiff, JERILYN G. AMAYA, and the Plaintiff

Class and Subclass Members.

61.     Defendants' undergarments/intimate apparel were expected to, and did, reach the usual consumers, handlers, and persons coming into contact with said product without substantial change in the condition which it was produced, manufactured, sold, distributed, and marketed by the Defendants.

62.     At those times, the Defendants' undergarments/intimate apparel was in an unsafe, defective, and inherently dangerous condition which was unreasonably dangerous to its users and, in particular, Plaintiff, JERILYN G. AMAYA, and members of the Plaintiff Class and Subclass.

63.     Defendants' undergarments/intimate apparel were so defective in design or formulation or manufacture that when it left the hands of the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design, formulation or manufacture of Defendants' undergarments/intimate apparel.

64.     At all times herein mentioned, Defendants' undergarments/intimate apparel were in a defective condition and unsafe, and Defendants knew, had reason to know, or should have known that said product was defective and unsafe, especially when used in the form and manner as provided by Defendants.

65.     Defendants knew, or should have known, that at all times herein mentioned Defendants' undergarments/intimate apparel was/is inherently dangerous and unsafe.

66.     At the time of use of Defendants' undergarments/intimate apparel by Plaintiff, JERILYN G. AMAYA, Plaintiffs and members of the Plaintiff Class and Subclass utilized the undergarments/intimate apparel for the purposes and manner normally intended.

67.     Defendants had a duty to create a product that was not unreasonably

dangerous for its normal, intended use.

68.     Defendants' undergarments/intimate apparel were designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed in a defective condition by Defendants and was unreasonably dangerous to its intended users, including Plaintiff, Kimberly Shane, and members of the Plaintiff Class and Subclass.

69.     Defendants designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed a defective product which created an unreasonable risk to the health of consumers thereof and to Plaintiff, JERILYN G. AMAYA, and members of the Plaintiff Class and Subclass. Defendants are, therefore, strictly liable for the injuries sustained by the Plaintiff and Plaintiff Class and Subclass Members.

70.     Neither the Plaintiff, JERILYN G. AMAYA, nor the members of the Plaintiff Class and Subclass, acting as a reasonably prudent person, could discover that Defendants' undergarments/intimate apparel were defective as herein mentioned or perceive its danger.

71.     The undergarments/intimate apparel designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by Defendants were defective due to inadequate warnings or instructions as the Defendants knew, or should have known, that the defective product created a risk of serious and dangerous side effects including, but not limited to, allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health concerns.

72.     Defendants' undergarments/intimate apparel as designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by Defendants are defective due to inadequate warnings and/or inadequate testing.

73. Defendants' undergarments/intimate apparel as designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by Defendants are defective due to inadequate post-marketing surveillance and/or warnings because, upon information and belief, sales continued after Defendants knew, or should have known, of the manufacturing defect and risk of serious side effects including, but not limited to, allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health concerns.

74. By reason of the foregoing, the Defendants are strictly liable in tort to the Plaintiff, JERILYN G. AMAYA, and members of the Plaintiff Class and Subclass for the manufacturing, promoting, distribution, and selling of a defective product, Defendants' undergarments/intimate apparel.

75. Defendants' defective design, manufacturing defect, and inadequate warnings of the dangers associated with Defendants' undergarments/intimate apparel were acts that amount to willful, wanton, and/or reckless conduct by Defendants.

76. Said defects in Defendants' undergarments/intimate apparel were a substantial factor in causing Plaintiff's and Plaintiff Class and Subclass Members' injuries and/or placing Plaintiff and members of the Plaintiff Class and Subclass at increased risk of serious injury and/or harm.

77. As a direct and proximate result of the defective condition of Defendants' undergarments/intimate apparel as manufactured and sold by Defendants, Plaintiff and members of the Class and Subclass suffered, and will continue to suffer, damages.

78. By reason of the foregoing, Plaintiff and Plaintiff Class and Subclass Members experienced, and/or are at risk of experiencing, serious and dangerous side effects, as well as have incurred financial damage and injury.

79.     As a result of the foregoing acts and omissions, the Plaintiff and Plaintiff Class and Subclass Members require, and/or will require, more health care and services and did incur medical, health and incidental and related expenses. Plaintiff and Plaintiff Class and Subclass Members are informed and believe, and further allege, that Plaintiff and Plaintiff Class and Subclass Members will in the future be required to obtain further medical and/or hospital care, attention, and services.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
## BREACH OF EXPRESS WARRANTY

80.     Plaintiff, JERILYN G. AMAYA, individually, and on behalf of all others similarly situated, repeats, reiterates, and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

81.     Defendants expressly warranted that Defendants' undergarments/intimate apparel was safe and well accepted by users.

82.     Defendants' undergarments/intimate apparel do not conform to these express representations because Defendants' undergarments/intimate apparel are not safe and are associated with numerous side effects not accurately warned about by Defendants. As a direct and proximate result of the breach of said warranties, Plaintiff, JERILYN G. AMAYA, and Plaintiff Class and Subclass Members suffered, and/or will continue to suffer, and/or are at an increased risk to suffer, severe and permanent personal injuries, harm, and/or economic loss.

83.     Plaintiff, JERILYN G. AMAYA, and Plaintiff Class and Subclass Members did rely on the express warranties of the Defendants herein.

84.     The Defendants herein breached the aforesaid express warranties, as

Defendants' undergarments/intimate apparel was defective.

85. Defendants expressly represented to Plaintiff and the Plaintiff Class and Subclass that Defendants' undergarments/intimate apparel are safe, efficacious, and fit for use for the purposes intended, that the Defendants' undergarments/intimate apparel are of merchantable quality, that Defendants' undergarments/intimate apparel did not produce any dangerous side effects, and that Defendants' undergarments/intimate apparel were adequately tested and fit for its intended use.

86. Defendants knew or should have known that the aforesaid representations and warranties are false, misleading and untrue in that Defendants' undergarments/intimate apparel are not fit for the use intended and, in fact, produced serious injuries to the users that are not accurately identified and represented by the Defendants because Defendants' undergarments/intimate apparel were negligently manufactured and/or designed.

87. Defendants expressly represented to Plaintiff and the Plaintiff Class and Subclass that Defendants' undergarments/intimate apparel are safe, efficacious, and fit for use for the purposes intended, that the Defendants' undergarments/intimate apparel are of merchantable quality, that Defendants' undergarments/intimate apparel did not produce any dangerous side effects, and that Defendants' undergarments/intimate apparel were adequately tested and fit for its intended use.

88. As a result of the foregoing acts and omissions, the Plaintiff and Plaintiff Class and Subclass Members require, and/or will require, more health care and services and did incur medical, health, incidental, and related expenses. Plaintiff and Plaintiff Class and Subclass Members are informed, and believe, and further allege, that Plaintiff and Plaintiff Class and Subclass Members will in the future be required to obtain further medical and/or hospital care, attention, and services.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
## BREACH OF IMPLIED WARRANTY

89.     Plaintiff, JERILYN G. AMAYA, individually, and on behalf of all others similarly situated, repeats, reiterates, and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

90.     At all times herein, Defendants manufactured, compounded, portrayed, distributed, recommended, merchandised, advertised, promoted, and sold undergarments/intimate apparel.

91.     At the times Defendants marketed, sold, and distributed undergarments/intimate apparel for use by Plaintiff, JERILYN G. AMAYA, and Plaintiff Class and Subclass Members, Defendants knew of the use for which Defendants' undergarments/intimate apparel was intended and impliedly warranted the product to be of merchantable quality and fit for such use.

92.     The Defendants impliedly represented and warranted to Plaintiff and Plaintiff Class and Subclass Members that Defendants undergarments/intimate apparel was safe and of merchantable quality and fit for the ordinary use for which said product was to be used.

93.     Said representations and warranties aforementioned are false, misleading, and inaccurate in that Defendants' undergarments/intimate apparel are unsafe, unreasonably dangerous, improper, not merchantable quality, and defective and cause injury to its consumers.

94.     Plaintiff, JERILYN G. AMAYA, and Plaintiff Class and Subclass Members relied on said implied warranty of merchantability of fitness for a particular use and purpose.

95.     Plaintiff, JERILYN G. AMAYA, and Plaintiff Class and Subclass Members

reasonably relied upon the skill and judgment of Defendants as to whether Defendants' undergarments/intimate apparel is of merchantable quality and safe and fit for its intended use.

96. Defendants' undergarments/intimate apparel was placed into the stream of commerce by Defendants in a defective, unsafe, and inherently dangerous condition and the products and materials were expected to, and did, reach users, handlers, and persons coming into contact with said product without substantial change in the condition in which they were sold.

97. The Defendants herein breached the aforesaid implied warranties, as Defendants' undergarments/intimate apparel was not fit for its intended purposes and uses.

98. By reason of the foregoing, Plaintiff and Plaintiff Class and Subclass Members experienced, and/or are at risk of experiencing, serious and dangerous side effects, as well as have incurred financial damage and injury.

99. As a result of the foregoing acts and omissions, the Plaintiff and Plaintiff Class and Subclass Members require, and/or will require, more health care and services and did incur medical, health, incidental, and related expenses. Plaintiff and Plaintiff Class and Subclass Members are informed and believe, and further allege, that Plaintiff and Plaintiff Class and Subclass Members may in the future be required to obtain further medical and/or hospital care, attention, and services.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
## FRAUDULENT MISREPRESENTATION

100. Plaintiff, JERILYN G. AMAYA, individually, and on behalf of all others similarly situated, repeats, reiterates, and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set

forth herein.

101.    The Defendants falsely and fraudulent represented to the Plaintiff and/or Plaintiff Class and Subclass Members and/or the public in general that said product, Defendants' undergarments/intimate apparel, had been tested and was found to be safe and/or effective for use.

102.    That representation made by Defendants was, in fact, false.

103.    When said representations were made by Defendants, upon information and belief, they knew those representations to be false and they willfully, wantonly, and recklessly disregarded whether the representations were true.

104.    These representations were made by Defendants with the intent of defrauding and deceiving the Plaintiff and Plaintiff Class and Subclass Members, all of which evinced reckless, willful, indifference to the health, safety and welfare of the Plaintiff and Plaintiff Class and Subclass Members herein.

105.    At the time the aforesaid representations were made by the Defendants and, at the time the Plaintiff and Plaintiff Class and Subclass Members, Defendants' undergarments/intimate apparel, the Plaintiff and Plaintiff Class and Subclass Members were unaware of the falsity of said representations and reasonably believed them to be true.

106.    In reliance upon said representations, the Plaintiff and Plaintiff Class and Subclass Members were induced to, and did, purchase Defendants' undergarments/intimate apparel thereby sustaining damage and injury and/or being at an increased risk of sustaining severe and permanent personal injuries in the future.

107.    Said Defendants knew, and were aware, or should have been aware, that Defendants' undergarments/intimate apparel had not been sufficiently tested, was defectively manufactured and/or lacked adequate and/or sufficient warnings.

108. Defendants knew, or should have known, that Defendants' undergarments/intimate apparel had a potential to, could, and would cause severe injury to the users of said product.

109. Defendants brought Defendants' undergarments/intimate apparel to the market and acted fraudulently, wantonly, and maliciously to the detriment of the Plaintiff and Plaintiff Class and Subclass Members.

110. By reason of the foregoing, Plaintiff and Plaintiff Class and Subclass Members experienced, and/or are at risk of experiencing, serious and potentially dangerous and disfiguring side effects, as well as have incurred financial damage and injury.

111. As a result of the foregoing acts and omissions, the Plaintiff and Plaintiff Class and Subclass Members require, and/or will require, more health care and services and did incur medical, health, incidental, and related expenses. Plaintiff and Plaintiff Class and Subclass Members are informed and believe, and further allege, that Plaintiff and Plaintiff Class and Subclass Members will in the future be required to obtain further medical and/or hospital care, attention, and services.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
### FRAUDULENT CONCEALMENT

112. Plaintiff, JERILYN G. AMAYA, individually, and on behalf of all others similarly situated, repeats, reiterates, and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

113. At all times during the course of dealing between Defendants and Plaintiff, and/or Plaintiff Class and Subclass Members, Defendants misrepresented the safety of Defendants' undergarments/intimate apparel.

114. At all times during the course of dealing between Defendants and Plaintiff, JERILYN G. AMAYA, and Plaintiff Class and Subclass Members, Defendants misrepresented the safety of Defendants' undergarments/intimate apparel.

115. Defendants knew, or were reckless in not knowing, that its representations were false.

116. Defendants fraudulently concealed, and/or intentionally omitted, the fact that Defendants' undergarments/intimate apparel were causing injuries including allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health concerns and was negligently manufactured in this regard.

117. Defendants fraudulently concealed, and/or intentionally omitted, the fact that the risk of adverse events with the negligently manufactured undergarments/intimate apparel were not adequately tested for and/or known by Defendants.

118. Defendants fraudulently concealed, and/or intentionally omitted, the fact that Defendants were aware of complaints regarding adverse side effects and did nothing.

119. Defendants fraudulently concealed and/or intentionally omitted the fact that Defendants" undergarments/intimate apparel was negligently manufactured.

120. Defendants were under a duty to disclose to Plaintiff, JERILYN G. AMAYA, and Plaintiff Class and Subclass Members, the aforementioned as it pertains to Defendants' undergarments/intimate apparel.

121. Defendants' concealment and omissions of material facts concerning, *inter alia*, the negligent design and manufacture of Defendants' undergarments/intimate apparel was made purposefully, willfully, wantonly, and/or recklessly to mislead Plaintiff and Plaintiff Class and Subclass Members into reliance and continued purchase and use of Defendants' undergarments/intimate apparel.

122.    Defendants' concealment and omissions of material facts concerning, *inter alia*, the negligent manufacture of Defendants' undergarments/intimate apparel was made purposefully, willfully, wantonly, and/or recklessly to mislead Plaintiff, JERILYN G. AMAYA, and Plaintiff Class and Subclass Members into reliance, continued use of Defendants' undergarments/intimate apparel and actions thereon, and to cause them to purchase and/or use Defendants' undergarments/intimate apparel solely for Defendants' financial gain and without regard for the safety of their customers, the Plaintiff herein and the Plaintiff Class and Subclass Members.

123.    Defendants knew that Plaintiff, JERILYN G. AMAYA, and Plaintiff Class and Subclass Members, had no way to determine the truth behind Defendants' concealment and omissions and that these included material omissions of facts surrounding Defendants' undergarments/intimate apparel as alleged herein.

124.    Plaintiff and Plaintiff Class and Subclass Members, reasonably relied on facts revealed which negligently, fraudulently and/or purposefully did not include facts that were concealed and/or omitted by Defendants.

125.    By reason of the foregoing, Plaintiff and Plaintiff Class and Subclass Members experienced, and/or are at the risk of experiencing, serious and dangerous side effects, as well as have incurred financial damage and injury.

126.    As a result of the foregoing acts and omissions, the Plaintiff and Plaintiff Class and Subclass Members require, and/or will require, more health care and services and did incur medical, health, incidental, and related expenses. Plaintiff and Plaintiff Class and Subclass Members are informed and believe, and further allege, that Plaintiff and Plaintiff Class and Subclass Members will in the future be required to obtain further medical and/or hospital care, attention, and services.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS
## VIOLATION OF THE FLORIDA DECEPTIVE AND
## UNFAIR TRADE PRACTICES ACT

127.     Plaintiff, JERILYN G. AMAYA, on behalf of herself and all others similarly situated, repeats, reiterates, realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

128.     This action is brought to secure redress for the unlawful, deceptive and unfair trade practices, perpetrated by Defendants.

129.     Plaintiff and all Class and Subclass members are "consumers" and the subject transactions are "trade or commerce" as defined by Florida Statute §501.203(8).

130.     Defendants' actions and/or omissions as described herein violate Florida Statutes, §501.201, *et. seq.*, which was enacted to protect the consuming public from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

131.     Specifically, Defendants misrepresented and omitted material information regarding Defendants' undergarments/intimate apparel by failing to disclose known risks.

132.     Defendants' misrepresentations and concealment of material facts constitute unconscionable commercial practices, deception, fraud, false pretenses, misrepresentation, and/or the knowing concealment, suppression, or omission of materials facts with the intent that others rely on such concealment, suppression, or omission in connection with the sale and advertisement of Defendants' undergarments/intimate apparel in violation of Florida Statutes, §501.201, *et. seq.*, and other similar statutes in other states.

133.     Florida and all other states and the District of Columbia have enacted statutes to protect consumers from deceptive, fraudulent, and unconscionable trade and business practices. Defendants violated these statutes by knowingly and falsely representing

that Defendants' undergarments/intimate apparel was fit to be used for the purpose for which they were intended, when Defendants knew it was deceptive, dangerous, ineffective, unsafe and by other acts alleged herein.

134. Defendants engaged in the deceptive acts and practices alleged herein in order to sell Defendants' undergarments/intimate apparel to the public, including Plaintiff and the Plaintiff Class and Subclass members.

135. Said acts and practices on the part of Defendant were and are illegal and unlawful pursuant to Florida Statute §501.204.

136. As a direct and proximate result of Defendants' violations of Florida Statutes, §501.201, *et. seq.*, and other various consumer protection statutes enacted in other states and the District of Columbia, Plaintiff and the Class and Subclass members have suffered damages. Plaintiff and the Plaintiff Class and Subclass are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs and reasonable attorney's fees.

## EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS
## VIOLATION OF STATE STATUTORY PRODUCT LIABILITY ACTS

137. Plaintiff, JERILYN G. AMAYA, on behalf of herself and all others similarly situated, repeats, reiterates, realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

138. Florida and a number of other states and the District of Columbia have enacted statutes to protect consumers in regards to defective products.

139. As a direct and proximate result of the Defendants' violations of these individual state statutes, Plaintiff and the Class and Subclass members have suffered damages. Plaintiff and the Class and Subclass members are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

140.    Plaintiff, JERILYN G. AMAYA, individually and on behalf of the Plaintiff Class and Subclass Members, hereby demands a trial by jury as to all issues so triable.

WHEREFORE, Plaintiff and Plaintiff Class and Subclass Members demand judgment against the Defendants, jointly and severally, as follows:

a.    An Order certifying the Class and Subclass, appointing Jerilyn Amaya as Class and Subclass Representative and appointing Parker Waichman Alonso LLP. as counsel to the Class and Subclass;

b.    Equitable, injunctive, and declaratory relief;

c.    Damages in an amount to be determined at trial, but in an amount exceeding twenty-five thousand dollars;

d.    Pre-judgment and post-judgment interest at the maximum rate allowable at law;

e.    Treble, exemplary, and/or punitive damages in an amount to be determined at trial;

f.    The costs and disbursements incurred by Plaintiff and Plaintiff Class and Subclass Members in connection with this action, including reasonable attorneys' fees;

g.    All statutory damages;

h.    Disgorgement of Defendants' profits from the sale of undergarments/intimate apparel;

i.    Return or refund of any purchase price paid, including, but not limited to, insurance co-payments, interest on these amounts from the date of purchase, attorneys' fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiffs may be entitled;

j.    Such other and further relief under all applicable state and federal law and any other relief the Court deems just and appropriate.

DATED: November 14, 2008        By: _____

Jordan L. Chaikin
Florida Bar Number 0878421
**PARKER WAICHMAN ALONSO LLP**
27399 Riverview Center Blvd., Suite 106
Bonita Springs, Florida 34134

Telephone: (239) 390-1000
Facsimile: (239) 390-0055
Email: JChaikin@yourlawyer.com

Scott Wm. Weinstein
Florida Bar No.: 563080
**MORGAN & MORGAN, P.A.**
P.O. Box 9504
Fort Myers, Florida 33906-9504
Telephone: (239) 433-6880
Facsimile: (239) 433-6836
Email: sweinstein@forthepeople.com

**BECNEL LAW FIRM, LLC**
106 West 7th Street
P.O. Drawer H
Reserve, Louisiana  70084
Tel. (985) 536-1186
Fax (985) 536-6445

Attorneys for Plaintiff

# 08-81367-Civ-RYSKAMP/VITUNAC

**JS 44** (Rev. 2/08)

## CIVIL COVER SHEET

FILED by **R B** D.C.
ELECTRONIC

Nov. 17, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed**

### I. (a) PLAINTIFFS

JERILYN G. AMAYA, on behalf of herself and all others similarly situtated

**DEFENDANTS**

VICTORIA'S SECRET STORES, LLC.

**(b)** County of Residence of First Listed Plaintiff    Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jordan L. Chaikin, Esq.
Parker Waichman Alonso LLP.
27399 Riverview Center Blvd., Suite 106, Bonita Springs, FL 34134

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

O8CV 81367 KLR/AEV

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** ☐ 310 Airplane | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☒ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | ☐ 891 Agricultural Acts |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 892 Economic Stabilization Act |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | ☐ 893 Environmental Matters |
|  |  |  |  | ☐ 894 Energy Allocation Act |
|  |  |  |  | ☐ 895 Freedom of Information Act |
|  |  |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  |  |  |  | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO

JUDGE                    DOCKET NUMBER

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. Section 1332

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD
s/

DATE
11/14/08

**FOR OFFICE USE ONLY**

AMOUNT    350    RECEIPT #    125 033    IFP